UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY GASSER,

        Plaintiff,

  v.                                    Case No. 21-cv-0766-bhl

KILOLO KIJAKAZI, Commissioner of
Social Security Administration,

        Defendant.

## ORDER AND DECISION

      Plaintiff Jeremy Gasser seeks the summary judgment reversal and remand of an administrative law judge decision denying his claim for Supplemental Security Income (SSI) benefits under the Social Security Act. For the reasons set forth below, the decision is affirmed, and the motion for summary judgment is denied.

### PROCEDURAL BACKGROUND

      Gasser applied for SSI in March 2015. (ECF No. 29 at 1.) The claim was denied, so Gasser appealed to this Court, which remanded for further proceedings in November 2019. (*Id.* at 2.) The ALJ conducted a hearing in March 2021 and issued an unfavorable decision a month later. (*Id.*) Gasser then returned to this Court on June 22, 2021. (ECF No. 1.)

### FACTUAL BACKGROUND

      Jeremy Gasser spent most of March 2014 in the company of physicians. He underwent a total hip replacement, received a spinal epidural, and was diagnosed with anxiety and depression. (ECF No. 21 at 8.) Post-operation, doctors noted the continued presence of Legg-Calve-Perthes disease and degenerative disc disease of the lumbar spine. (*Id.* at 8-9.) And a surgeon later performed a tricuspid valve replacement to remedy Gasser's bacterial endocarditis. (*Id.* at 10.) In his decision, the ALJ determined that Gasser's Legg-Calve-Perthes disease, bacterial endocarditis, degenerative disc disease, and depressive and anxiety disorders constituted severe impairments.

(ECF No. 14-3 at 87.) But the ALJ also found that Gasser was not disabled because his residual functional capacity left him eligible for a wide array of jobs in the national economy.

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (citation omitted). That said, an ALJ is not permitted simply to ignore contradictory evidence. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014).

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

## ANALYSIS

Gasser argues for remand because the ALJ did not conduct a proper analysis under Social Security Ruling 16-3p (SSR 16-3p) and instead cherry-picked evidence while failing to build an accurate and logical bridge between the evidence and his finding that Gasser could tolerate occasional, brief, and superficial contact with the public, coworkers, and supervisors. Gasser also contends that the Commissioner of Social Security holds office on a constitutionally illicit basis. None of these reasons warrant reversal or remand, so the Commissioner's decision will be affirmed.

**I.     Even if the ALJ Erred With Respect to SSR 16-3p, Any Error is Harmless.**

Gasser objects to the ALJ's conclusion that his "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (ECF No. 14-3 at 92.) SSR 16-3p governs how an

ALJ evaluates a claimant's symptoms for consistency with the record. Under the rule, before he can label a claimant's symptoms inconsistent, an ALJ must consider both the objective medical evidence and other evidence in the record. SSR 16-3p. But an ALJ may not use an individual's infrequent or conservative treatment to discount the extent of self-reported symptoms without first "considering possible reasons [the individual] may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3p(2)(d). Because an administrative agency is bound by its own rules, an ALJ's violation of SSR 16-3p constitutes legal error. *See Terry v. Astrue*, 580 F.3d 471, 476 (7th Cir. 2009). And if such an error occurs, "then the court must reverse the decision regardless of the volume of evidence supporting the factual findings." *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

Gasser argues that the ALJ found his self-reports inconsistent with the record without properly considering how his poverty impacted his ability to seek treatment consistent with the degree of impairments alleged. Defendant responds that the ALJ was not required to accept Gasser's explanation, *see Morrison v. Saul*, 806 F. App'x 469, 474-75 (7th Cir. 2020), and, regardless, any error was harmless. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) (holding that remand is unnecessary when there is only harmless error).

While it is true that an ALJ is not required to accept a claimant's explanation for a conservative treatment regimen, he must at least *consider* it. SSR 16-3p(2)(d). Here, the ALJ emphasized Gasser's intermittent doctor's appointments, noncompliance with recommended treatments, and use of only mild pain relievers. (ECF No. 14-3 at 92-94.) But this leaves to the imagination whether the ALJ contemplated how Gasser's financial situation might have hindered his quest for more extensive care. The Seventh Circuit's holding in *Morrison* does not permit such open-ended analysis. The ALJ in *Morrison* explicitly enumerated her reasons for rejecting the claimant's explanation for medical noncompliance. *See Morrison*, 806 F. App'x at 474. Conversely, the ALJ in this case gave no reasons for rejecting Gasser's explanation, and in fact, offered no indication that he even considered it. That was error.

The problem for Gasser is that the ALJ's conclusion rested on much more than a history of modest treatment. He also cited the unremarkable objective medical evidence, Gasser's admitted daily activities, and various physician's opinions. (ECF No. 14-3 at 92-98.) This alone sufficed to substantiate his rejection of Gasser's self-reported symptoms. *See Luna v. Shalala*, 22 F.3d 687, 691 (7th Cir. 1994) (holding that even an accepted explanation for conservative

treatment does not compel the ALJ to accept the claimant's statements concerning the intensity, persistence, and limiting effects of his symptoms when those statements are "inconsistent with the record as a whole"). Remand, therefore, would serve no purpose. *See Spiva*, 628 F.3d at 353.

II. **None of the Evidence Gasser Claims the ALJ Overlooked Undermines the Assessed Residual Functional Capacity.**

A claimant's residual functional capacity or RFC is "an assessment of what work-related activities the claimant can perform despite [his] limitations." *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004). "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).

As relevant here, the ALJ's RFC assessment concluded that Gasser could "tolerate occasional, brief, and superficial contact with the public, coworkers, and supervisors." (ECF No. 14-3 at 91.) Gasser contends that this conclusion is only possible through a selective reading of the record, and an ALJ is "not permitted to 'cherry-pick' from . . . mixed results to support a denial of benefits." *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) (citations omitted). He must consider and weigh contradictory evidence. *See Moore*, 743 F.3d at 1123.

Gasser highlights several record excerpts that he claims undermine the ALJ's RFC assessment and warrant remand: (1) during an ER visit, Gasser had several "meltdowns" because he did not get what he wanted, (ECF No. 14-2 at 241); (2) he once broke a computer in anger, (ECF No. 14-7 at 189); and (3) he has "been through multiple failed relationships due to his mood and anger." (ECF No. 14-6 at 119.) None of this appears in the ALJ's decision. But "an ALJ need not provide a complete written evaluation of every piece of testimony and evidence." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015) (citation omitted). The key question is whether the ALJ ignored evidence that would have reshaped the RFC analysis. Here, there is nothing to suggest that any of the cited incidents require a more restrictive RFC than the ALJ already provided. The ALJ essentially limited Gasser to sporadic small talk. Meltdowns during a two-day hospital stay in 2016 do nothing to compromise the integrity of that limitation. Equally irrelevant is the fact that Gasser once broke a computer, an event that ostensibly had nothing to do with his tolerance for social interaction. Thus, Gasser's argument looks more like a request to reweigh the evidence, an invitation the Court will decline. *See Shideler v. Astrue*, 688 F.3d 306,

310 (7th Cir. 2012) ("We do not reweigh the evidence or substitute our own judgment for that of the ALJ.").

### III. The Removability of the Commissioner of Social Security is Not a Reason for Remand.

Last, Gasser argues that the ALJ lacked the authority to adjudicate his claim because any authority he had was derived from the Acting Commissioner of Social Security, who holds office on a constitutionally illicit basis. The parties agree that 42 U.S.C. Section 902(a)(3), which limits the President's authority to remove the Commissioner without good cause, violates the separation of powers principle articulated in *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). (ECF No. 29 at 14.) But even where an unconstitutional removal restriction exists, a plaintiff cannot obtain retrospective relief without showing that the "unconstitutional provision . . . inflict[ed] compensable harm." *Collins v. Yellen*, 141 S. Ct. 1761, 1789 (2021). "[T]he unlawfulness of the removal provision does not strip [an official] of the power to undertake the other responsibilities of [her] office." *Id.* at 1788 n.23. In other words, to obtain remand, Gasser must show that the improper removal restriction actually harmed him. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 849-50 (9th Cir. 2022). He can make no such showing.

Instead, Gasser cites *Tafoya v. Kijakazi*, 551 F. Supp. 3d 1054 (D. Col. 2021) for the proposition that the ALJ's determinations are null regardless of what actual harm they inflicted. This, however, is not what *Tafoya* says. In that case, the Court considered only a plaintiff's *standing* to bring the separation of powers constitutional argument. *Id.* at 1059. But in finding standing, it also noted that "[t]he outcome of *Collins* is . . . [in]auspicious for plaintiff's substantive claim" and acknowledged that it "may well be that, even if the removal provisions of the Social Security Act are unconstitutional, the agency's ALJs still had authority to issue disability determinations." *Id.* at 1059 n.6. This is unsurprising. "Every court that has addressed the merits of [Gasser's] constitutional claim has rejected it." *Robinson v. Kijakazi*, No. 21-cv-238-SCD, 2022 WL 443923, at *7 (E.D. Wis. Feb. 14, 2022) (collecting cases). Add this case and this Court to the list. Because Gasser cannot show compensable harm, remand is unwarranted.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that, pursuant to sentence four of 42 U.S.C. Section 405(g), the Acting Commissioner's decision is **affirmed**, Gasser's motion for summary judgment, ECF

No. 21, is **DENIED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 27, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge